UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br><br>      v.<br><br>MARTIN VILLALOBOS,<br><br>                              Defendant. | Criminal No. 12-290 (SRC)<br><br>**ORDER** |

**CHESLER**, District Judge

The Court raises this matter sua sponte, prompted by the submission of pro se Defendant Martin Villalobos, which he entitles "Defendant's Informal Brief in Response to Defendant's Standby Counsel's, Tim Donohue's, 'Proposed Form of Order'" [docket entry 49]. In that submission, Villalobos discusses what he perceives to be the inadequate conduct of Mr. Donohue, the attorney appointed by this Court to act as standby counsel when Villalobos exercised his Sixth Amendment right to represent himself, as articulated by Faretta v. California, 422 U.S. 806 (1975). Villalobos complains that Mr. Donohue "requests special treatment and privileges in regards to his responsibilities as defendant's standby counsel." In particular, Villalobos complains that Mr. Donohue has refused to file papers with the Court on his behalf and to show him case files. Villalobos asserts that standby counsel is required to perform a host of tasks on behalf of a defendant, including filing motions, retrieving documents and contacting witnesses.

To put it plainly, Villalobos's understanding of the role of standby counsel is incorrect. The Third Circuit has held that "standby counsel has two purposes – to act as a safety net to insure that the litigant receives a fair hearing of his claims and to allow the trial to proceed without the undue delays likely to arise when a layman presents his own case." United States v. Bertoli, 994 F.2d 1002, 1018-19 (3d Cir. 1993). Standby counsel may serve to "overcome routine obstacles that may hinder effective *pro se* representation." Id. at 1019; see also McKaskle v. Wiggins, 465 U.S. 168, 184 (1984) (holding that standby counsel may participate "to steer a defendant through the basic procedures of trial"). The tasks Villalobos believes standby counsel must perform go far beyond the assistance required to overcome "routine obstacles," such as a pro se defendant's lack of familiarity with court rules. The Court acknowledges the difficulties a pro se defendant experiences in preparing a defense while incarcerated. The difficulty of that endeavor does not, however, entitle a defendant to represent himself and simultaneously to direct an attorney to execute the functions that counsel generally performs for a client, such as engaging in motion practice and gathering evidence to be used in the defense. Such "hybrid representation" is prohibited. United States v. Turner, 677 F.3d 570, 578 (3d Cir. 2012). It is well-established that "[p]ro se litigants have no right to 'hybrid representation' because '[a] defendant does not have a constitutional right to choreograph special appearances by counsel.'" Id. (quoting McKaskle, 465 U.S. at 183).

The appointment of standby counsel when a defendant chooses to represent himself is not mandated. Thomas v. Carroll, 581 F.3d 118, 125 (3d Cir. 2009); see also McKaskle, 465 U.S. at 184 (holding that a court may appoint standby counsel "to relieve the judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine

obstacles that stand in the way of the defendant's achievement of his own clearly indicated goals"). Given the misperception by Villalobos that he may both represent himself and direct counsel to perform specific tasks on his behalf, the Court is concerned that continued service by standby counsel in this case will create irreconcilable tension between Mr. Donohue's performance of his limited role in an effective manner and Defendant's exercise of his core <u>Faretta</u> right to preserve control over his case. Accordingly, the Court will relieve Mr. Donohue from his assignment as standby counsel.

    Therefore,

    **IT IS** on this 14th day of September, 2012,

    **ORDERED** that Timothy Donohue be and hereby is relieved as standby counsel in this action.

                                              s/Stanley R. Chesler
                                              STANLEY R. CHESLER
                                              United States District Judge