# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

Case Number 2:12CR290(SRC)(1)

MARTIN J. VILLALOBOS

Defendant.

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, MARTIN J. VILLALOBOS, was represented by PRO SE (Thomas Ambrosio, Esq-Stand-by).

The defendant was found guilty on count(s) 1s,2s,3s,4s,5s by a jury verdict on 1/11/2013 after a plea of not guilty. Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date of Offense | Count Number(s) |
| --- | --- | --- | --- |
| 18:2252A(a)(2)(A)&(B) | RECEIPT OF CHILD PORNOGRAPHY | 2/2011 & 5/2011 | 1s & 2s |
| 18:2252A(a)(5)(B) &2 | POSSESSION OF CHILD PORNOGRAPHY | 8/2011 | 3s |
| 18:2252A(a)(2)(A) and (B) & 2 | DISTRIBUTION OF CHILD PORNOGRAPHY | 2/2011 & 3/2011 | 4s & 5s |

As pronounced on 6/3/2013, the defendant is sentenced as provided in pages 2 through 9 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $500.00, for count(s) 1s,2s,3s,4s,5s, which shall be due immediately. Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in the defendant's economic circumstances.

Signed this the _3_ day of JUNE, 2013.

_____
STANLEY R. CHESLER
United States District Judge

07644

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

**IMPRISONMENT**

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 240 months on each of Counts One, Two, Four and Five, to run concurrently to each other, and a term of 52 months on Count Three to run consecutively to Counts One, Two, Four and Five, to produce a total term of 292 months on the SUPERSEDING INDICTMENT

The defendant shall remain in custody pending service of sentence.

**RETURN**

I have executed this Judgment as follows:

_____
_____
_____

Defendant delivered on _____ To _____
At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of 5 years. This term consists of terms of 5 years on each of Counts One through Five, all such terms to run concurrently on the SUPERSEDING INDICTMENT

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

### ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

### COMPUTER MONITORING

You shall submit to an initial inspection by the U.S. Probation Office, and to any unannounced examinations during supervision, of your computer equipment. This includes, but is not limited to, personal computer, personal digital assistants, entertainment consoles, cellular telephones, and/or any electronic media device which is owned or accessed by you. You shall allow the installation on your computer of any hardware or software systems which monitor computer use. You shall pay the costs of the computer monitoring program. You shall abide by the standard conditions of computer monitoring. Any dispute as to the applicability of this condition shall be decided by the Court.

### MENTAL HEALTH TREATMENT

You shall undergo treatment in a mental health program approved by the United States Probation Office until discharged by the Court. As necessary, said treatment may also encompass treatment for gambling, domestic violence and/or anger management, as approved by the United States Probation Office, until discharged by the Court. The Probation Officer shall supervise your compliance with this condition.

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

### RESTRICTED CONTACT WITH MINORS

With the exception of brief, unanticipated and incidental contacts, you shall not associate with children under the age of 18, except for family members or children in the presence of an adult who has been approved by the probation officer. You shall not obtain employment or perform volunteer work which includes, as part of its job/work description, contact with minor children, without the expressed approval of the U.S. Probation Office. You shall not maintain, within your residence or within any outside establishment within your control or custody, a collection of films, slides, pictures, tapes, videotapes or other form of pictorial representation whose subject matter involves minor children of either sex and can be deemed to be pornographic. The probation office shall have the right of reasonable search of your person and residence, or any other establishment within your custody or control, and shall, if necessary, request the assistance of other law enforcement personnel to enforce the provisions of this special condition.

### NEW DEBT RESTRICTIONS

You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.

### POLYGRAPH EXAMINATION

You shall submit to an initial polygraph examination and subsequent maintenance testing, at intervals to be determined by the Probation Officer, to assist in treatment, planning, and case monitoring. You will be required to contribute to the costs of services rendered in an amount to be determined by the Probation Officer, based on ability to pay or availability of third-party payment.

### SEX OFFENDER REGISTRATION

At the commencement of supervision, you shall register with the state sex offender registration agency in the State of New Jersey and any state where you reside or are employed, carry on a vocation, or are a student, as directed by the U.S. Probation Office.

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

(17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

(18) Upon request, you shall provide the U.S. Probation Office with full disclosure of your financial records, including co-mingled income, expenses, assets and liabilities, to include yearly income tax returns. With the exception of the financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

(19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

(20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed) _____

Defendant                                    Date


_____

U.S. Probation Officer/Designated Witness          Date

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

## RESTITUTION AND FORFEITURE

### RESTITUTION

The defendant shall make restitution in the amount of $ 16,000.00. The Court will waive the interest requirement in this case. Payments should be made payable to the **U.S. Treasury** and mailed to Clerk, U.S.D.C., 402 East State Street, Rm 2020, Trenton, New Jersey 08608, for distribution to

<u>On behalf of "Vicky"</u>

Attorney Trust Account of Carol L. Hepburn, Esq.     $8,000.00

2722 Eastlake Avenue E, Suite 200

Seattle, Washington 98102


<u>On behalf of "Cindy"</u>

Cusack, Gilfillan & O'Day, LLC     $8,000.00

415 Hamilton Boulevard

Peoria, Illinois 61602


The restitution is due immediately. It is recommended that the defendant participate in the Bureau of Prisons Inmate Financial Responsibility Program (IFRP). If the defendant participates in the IFRP, the restitution shall be paid from those funds at a rate equivalent to $25 every 3 months. In the event the entire restitution is not paid prior to the commencement of supervision, the defendant shall satisfy the amount due in monthly installments of no less than $250, to commence 30 days after release from confinement.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Defendant: MARTIN J. VILLALOBOS
Case Number: 2:12CR290(SRC)(1)

## RESTITUTION AND FORFEITURE

### FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

SEE FORFEITURE ORDER FILED.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>*Plaintiff,*<br>v.<br><br>**MARTIN J. VILLALOBOS**<br><br>*Defendant.* | **Honorable Stanley R. Chesler, U.S.D.J.**<br><br>**Criminal No. 12-290**<br><br>**PRELIMINARY ORDER OF FORFEITURE** |

**WHEREAS**, on August 14, 2013, the United States filed a five count Superseding Indictment, Criminal No. 12-290, against Martin J. Villalobos (hereinafter "Defendant"), charging him with receipt of child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A) and (B) and 18 U.S.C. § 2, possession with intent to view child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B) and 18 U.S.C. § 2, and distribution of child pornography in violation of 18 U.S.C. §2252A(a)(2)(A) and (B) and 18 U.S.C. § 2; and

**WHEREAS**, on January 11, 2013, Defendant was convicted after trial of all five counts charged in the Superseding Indictment; and

**WHEREAS**, pursuant to 18 U.S.C. § 2253, a person convicted of an offense in violation of 18 U.S.C. § 2252A(a)(5)(B) shall forfeit to the United States any visual depiction that contains an image of child pornography which which was produced, transported, mailed, shipped or received in violation of 18 U.S.C. §2252(a)(5)(b); any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from the offense; and any property, real or

personal, used or intended to be used to commit or to promote the commission of the offense or any property traceable to such property; and

**WHEREAS**, by virtue of the above, the United States is now entitled to possession of the following:

    i.    a Western Digital Caviar 120GB hard drive, serial number WCAL95447288;

    ii.    a black tower desktop computer, serial number 37816/V1PEH9; and

    iii.    sixteen (16) DVD's recovered from the Defendant's residence on April 18, 2011,

(collectively the "Property"); and

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT** the herein described assets, namely:

    i.    a Western Digital Caviar 120GB hard drive, serial number WCAL95447288;

    ii.    a black tower desktop computer, serial number 37816/V1PEH9; and

    iii.    sixteen (16) DVD's recovered from the Defendant's residence on April 18, 2011,

are hereby forfeited to the United States of America pursuant to 18 U.S.C. § 2253, for disposition in accordance with the provisions of 21 U.S.C. § 853 as incorporated by 18 U.S.C. § 2253(b); and

**THAT**, pursuant to 21 U.S.C. § 853(n)(1), the United States shall publish notice of this Order and of its intent to dispose of the Property in such a manner as the Attorney General may direct, including posting notice on the official internet government forfeiture site, namely www.forfeiture.gov, for at least 30 consecutive days; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(2), any person, other than the Defendant, asserting a legal interest in any of the above-listed Property must file a petition with the Court within **thirty (30)** days of the final publication of notice or of receipt of actual notice, whichever is earlier, and state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Property; and

**THAT**, pursuant to 21 U.S.C. § 853(n)(3), the petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Property, and any additional facts supporting the petitioner's claim and the relief sought; and

**THAT**, the United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Property that is the subject of this Preliminary Order of Forfeiture, as a substitute for published notice as to those persons so notified; and

**THAT**, the aforementioned forfeited Property is to be held by the appropriate United States agency in its secure custody and control until the appropriate disposition of said Property by the United States; and

**THAT**, upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

**ORDERED** this ___3___ day of _____, 2013.

Honorable Stanley R. Chesler
United States District Judge