UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES of AMERICA, | Criminal Action No. 12-290 (SRC) |
| Plaintiff, | |
| v. | OPINION & ORDER |
| MARTIN J. VILLALOBOS, | |
| Defendant. | |

**CHESLER, District Judge**

This matter comes before the Court on the motion for reconsideration of restitution filed by Defendant *pro se* Martin J. Villalobos. The United States has opposed the motion. For the reasons that follow, the motion will be dismissed for lack of subject matter jurisdiction.

On June 3, 2013, after a jury trial resulted in conviction, this Court sentenced Defendant to a term of imprisonment; restitution was ordered in the amount of $16,000.00, with interest waived. Defendant timely appealed the Judgment; on June 25, 2014, the Court of Appeals for the Third Circuit affirmed this Court's Judgment. On January 19, 2016, Defendant filed a motion, pursuant to 28 U.S.C. § 2255, asking this Court to vacate his sentence and to recalculate the amount of restitution. On April 3, 2017, this Court denied the § 2255 motion. On February 14, 2024, Defendant filed the instant motion for reconsideration of restitution.

In short, Defendant argues for reconsideration of restitution based on application of the Supreme Court's decision in Paroline v. United States, 572 U.S. 434, 434 (2014). In opposition, the Government makes two principal arguments: 1) Defendant already raised this argument in

1

his earlier § 2255 motion, and thus the issue was already litigated and decided and the law of the case applies; and 2) the instant motion is also barred as a successive § 2255 motion by statute.

As to the Government's second argument, the Government cites the plain language of the authorizing statute, 28 U.S.C. § 2255, which states: "(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . ." There is no dispute that the record contains no such certification. Section 2255 does not allow Defendant to file a successive motion without that certification.

As to the Government's first argument, the record of the § 2255 case, Civil Action No. 16-344, shows that, on April 3, 2017, this Court issued an Opinion in which it addressed the Petitioner's argument that the restitution amount should be recalculated under Paroline. (Civil Action No. 16-344, Opinion of April 3, 2017 at 1-2.) This Court concluded that recalculation of restitution is unavailable under § 2255. (Id. at 2.) The United States is correct that, even if this Court has subject matter jurisdiction to entertain this motion, the law of the case doctrine precludes relitigation of this settled issue.

The Court concludes that the Government is correct that the Court lacks subject matter jurisdiction to decide the instant motion. To the extent that Defendant bases his motion on § 2255, he has not satisfied the requirements of § 2255(h) to allow a successive motion. Defendant's moving brief does not address the issue of the Court's jurisdiction to entertain this motion, which was raised by the Government in opposition. Defendant did not file a reply to the Government's opposition brief, and this Court therefore has no basis to find that it has subject matter jurisdiction to consider this motion. Defendant's judgment is final, and Defendant has provided no legal basis for this Court to revisit and modify the final judgment.

Defendant's motion will be dismissed for lack of subject matter jurisdiction.

For these reasons,

**IT IS** on this 1st day of April, 2024,

**ORDERED** that Defendant's motion for reconsideration (Docket Entry No. 132) is **DISMISSED** for lack of subject matter jurisdiction.

                                                            s/ Stanley R. Chesler
                                                          Stanley R. Chesler, U.S.D.J